UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. KULHANEK, an individual, by and through his Successor-In-Interest, Suzanne Hock; and SUZANNE HOCK, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ATRIA RANCHO PENASQUITOS; VSL GP II, LLC, a Delaware Limited Liability Company; VAOC PENASQUITOS, LP, a Delaware Limited Partnership; ATRIA MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; ATRIA SENIOR LIVING, INC.; QUINN HERNANDEZ, an individual; and DOES 1 through 30,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-01917-H-MDD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 3.] |

　　　On September 30, 2021, Plaintiffs William D. Kulhanek and Suzanne Hock filed a complaint in the Superior Court of California, County of San Diego against Defendants Atria Rancho Penasquitos, VSL GP II, LLC, VAOC Penasquitos, LP, Atria Management Company, LLC, and Atria Senior Living, Inc., alleging claims for: (1) negligence; (2)

1

willful misconduct; (3) statutory elder abuse/reckless neglect; and (4) wrongful death. (Doc. No. 1-2, Compl.)  On November 11, 2021, Defendants removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of jurisdiction under 28 U.S.C. § 1331.  (Doc. No. 1, Notice of Removal.)

On November 18, 2021, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 3.)  On December 3, 2021, in lieu of filing an opposition to the motion to dismiss, Plaintiffs filed a first amended complaint.  (Doc. No. 4, FAC.)  See Fed. R. Civ. P. 15(a)(1)(B); see Sanford v. Motts, 258 F. 3d 1117, 1120 (9th Cir. 2001) ("Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right.").  In light of Plaintiffs' amended pleading, the Court denies as moot Defendants' motion to dismiss the complaint without prejudice to Defendants moving to dismiss the first amended complaint.  See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . ." (citations omitted)).

**IT IS SO ORDERED.**

DATED: December 6, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT