UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. KULHANEK, an individual, by and through his Successor-In-Interest, Suzanne Hock; and SUZANNE HOCK, an individual; and WILLIAM S. KULHANEK, an individual,<br><br>                      Plaintiffs,<br>v.<br>ATRIA RANCHO PENASQUITOS; VSL GP II, LLC, a Delaware Limited Liability Company; VAOC PENASQUITOS, LP, a Delaware Limited Partnership; ATRIA MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; ATRIA SENIOR LIVING, INC.; QUINN HERNANDEZ, an individual; and DOES 1 through 30,<br>                      Defendants. | Case No.: 21-cv-01917-H-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO REMAND; AND**<br><br>[Doc. No. 7.]<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>[Doc. No. 8.] |

///

///

On December 9, 2021, Plaintiffs William D. Kulhanek, Suzanne Hock, and William S. Kulhanek filed a motion to remand the action back to state court for lack of subject matter jurisdiction.  (Doc. No. 7.)  On December 17, 2021, Defendants Atria Rancho Penasquitos, VSL GP II, LLC, VAOC Penasquitos, LP, Atria Management Company, LLC, and Atria Senior Living, Inc. filed a motion to dismiss Plaintiffs' first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 8.)  On January 4, 2022, the parties filed their respective oppositions.  (Doc. Nos. 9, 12.)  On January 10, 2022, the Court took the motions under submission.  (Doc. No. 13.)  On January 11, 2022, the parties filed their respective replies.  (Doc. Nos. 14, 15.)  For the reasons below, the Court grants Plaintiffs' motion to remand, and the Court denies Defendants' motion to dismiss as moot.

**Background**

The following factual background is taken from the allegations in Plaintiffs' first amended complaint.  In November 2019, Plaintiff William D. Kulhanek was 85 years old, and his children, Suzanne Hock and William S. Kulhanek, searched for a residential care facility that could provide the care and supervision that William D. Kulhanek required due, in part, to his dementia.  (Doc. No. 4, FAC ¶¶ 16-17.)  In December 2019, William D. Kulhanek moved into Atria Grand Oaks in Thousand Oaks, California, and on January 25, 2020, he was transferred to Atria Rancho Penasquitos in San Diego, California to be closer to family.  (Id. ¶ 18.)

William D. Kulhanek resided at Atria Rancho Penasquitos until June 21, 2020 when he was emergently transferred to a hospital.  (Id. ¶¶ 18, 30-32.)  His admitting diagnosis to the hospital was pneumonia, COVID-19, acute hypoxic respiratory failure, and acute encephalopathy.  (Id. ¶ 33.)  William D. Kulhanek died on June 22, 2020.  (Id. ¶¶ 35, 80.)  Plaintiffs allege that he died as a result of conditions that developed while he was a resident of Atria Grand Oaks and Atria Rancho Penasquitos, under the care and supervision of Defendant Atria Senior Living, Inc.  (Doc. No. 4, FAC ¶ 1; see also id. ¶¶ 21-43.)

On September 30, 2021, Plaintiffs filed a complaint in the Superior Court of California, County of San Diego against Defendants, alleging state law claims for: (1) negligence; (2) willful misconduct; (3) statutory elder abuse/reckless neglect; and (4) wrongful death. (Doc. No. 1-2, Compl.) On November 11, 2021, Defendants removed the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1, Notice of Removal.) On December 3, 2021, Plaintiffs filed a first amended complaint, alleging the same four state law causes of action as in the original complaint. (Doc. No. 4, FAC.)

By the present motion, Plaintiffs move to remand the action back to the Superior Court of California, County of San Diego for lack of subject matter jurisdiction. (Doc. No. 7-1 at 25.) In addition, Defendants move to dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 8-1 at 7.)

I. **Plaintiffs' Motion to Remand**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." Allen v. Boeing Co., 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018). There is a strong presumption against removal jurisdiction, and courts strictly construe the removal statute against removal jurisdiction. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" Hansen, 902 F.3d at 1057; see also Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Here, Defendants removed the action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1, Notice of Removal ¶ 9.) "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." Hansen, 902 F.3d at 1057. "This rule provides that an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. (quoting Caterpillar, 482 U.S. at 392). "[A] defendant cannot remove on the basis of a federal defense." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 478 (1998).

Here, Plaintiffs only allege four state law causes of action on the face of their complaints. (See Doc. No. 1-2, Compl. ¶¶ 43-81; Doc. No. 4, FAC ¶¶ 44-82.) Thus, federal question jurisdiction appears to be lacking in this case. See Hansen, 902 F.3d at 1056 ("A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both). If these claims do not involve federal law or diverse parties, the action can be brought only in state court." (citations omitted)).

In response, Defendants argue that federal question jurisdiction exists in this case based on complete preemption under the Public Readiness and Emergency Preparedness Act, 42 U.S.C. 247d-6d ("the PREP Act"). (Doc. No. 12 at 4-13.) Defendants also argue that jurisdiction exists under the Supreme Court's decision in Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), because Plaintiffs' first amended complaint raises a substantial federal question. (Doc. No. 12 at 13-14.) Finally, Defendants argue that federal officer jurisdiction exists under 28 U.S.C. § 1442(a)(1). (Id. at 19-25.) The Court addresses each of these grounds for jurisdiction in turn below.

A.   Complete Preemption

"Complete preemption refers to the situation in which federal law not only preempts a state-law cause of action, but also substitutes an exclusive federal cause of action in its place." Hansen, 902 F.3d at 1057. "[C]omplete preemption is 'rare.'" Id. "[C]omplete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1)

intended to displace a state-law cause of action, and (2) provided a substitute cause of action." City of Oakland v. BP PLC, 969 F.3d 895, 906 (9th Cir. 2020).

"[D]istrict courts in the Ninth Circuit and around the country have consistently held that the PREP Act does not satisfy these requirements for complete preemption." Riggs v. Country Manor La Mesa Healthcare Ctr., No. 21-CV-331-CAB-DEB, 2021 WL 2103017, at *2 (S.D. Cal. May 25, 2021) (collecting cases); see also Rae by & through Montisano v. Anza Healthcare Inc., No. 21-CV-287-DMS (JLB), 2021 WL 2290776, at *2 (S.D. Cal. June 4, 2021) ("District courts within the Ninth Circuit have near-unanimously concluded that the PREP Act is not a complete preemption statute." (collecting cases)); Padilla v. Brookfield Healthcare Ctr., No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect." (collecting cases)); Roebuck v. Clinic, No. CV-21-00510-PHX-DLR, 2021 WL 1851414, at *5 (D. Ariz. May 10, 2021) ("[T]he Court joins the growing consensus finding that the PREP Act is not a complete preemption statute."). Those courts have held that the "PREP Act does not satisfy the Ninth Circuit's complete preemption test because it does not completely replace state law claims related to COVID-19 and does not provide a substitute cause of action." Roebuck, 2021 WL 1851414, at *5.

To support their assertion of federal question jurisdiction under the complete preemption doctrine, Defendants primarily rely on the Third Circuit's decision in Maglioli v. All. HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021).[1] (Doc. No. 12 at 2, 12-13.) In Maglioli, the Third Circuit held that the PREP Act satisfies the complete preemption test

---

[1] To support their assertion of jurisdiction, Defendants also cite to two district court decisions: Garcia v. Welltower OpCo Grp. LLC, 522 F. Supp. 3d 734 (C.D. Cal. 2021), and Rachal v. Natchitoches Nursing & Rehab. Ctr. LLC, No. 1:21-CV-00334, 2021 WL 5449053, at *1 (W.D. La. Apr. 30, 2021). (Doc. No. 12 at 2, 10-12.) The Court does not find these two district court decisions persuasive for the reasons set forth in Sorace v. Orinda Care Ctr., LLC, No. 21-CV-05714-EMC, 2021 WL 5205603, at *9 (N.D. Cal. Nov. 9, 2021) (declining to follow Garcia and Rachal), and Acra v. California Magnolia Convalescent Hosp., Inc., No. EDCV 21-898-GW-SHKX, 2021 WL 2769041, at *5-6 & n.3 (C.D. Cal. July 1, 2021) (same).

for a particular willful misconduct cause of action. See 16 F.4th at 409 ("The PREP Act unambiguously creates an exclusive federal cause of action. . . . Congress [provided] 'for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct.'").

But importantly, in Maglioli, the Third Circuit still declined to find that jurisdiction existed over the plaintiff's claims at issue in that case. See id. at 412-13. The Third Circuit explained: "Just because the PREP Act creates an exclusive federal cause of action does not mean it completely preempts the [plaintiffs'] state-law claims. To remove to federal court, the nursing homes [defendants] also must show that the state-law claims fall within the scope of the exclusive federal cause of action." Id. at 410. In other words, in order for jurisdiction to exist under the complete preemption doctrine, a court must determine that the plaintiffs could have brought their claims under the PREP Act's specific cause of action for willful misconduct. Id. Thus, even if the Court were to follow Maglioli's holding regarding complete preemption, federal jurisdiction would only exist if Plaintiffs could have brought their claims under the PREP Act's specific cause of action for willful misconduct.

A claim for willful misconduct under the PREP Act "is narrow" and "has several elements." Maglioli, 16 F.4th at 410, 412. "The plaintiff must show (1) 'an act or omission,' that is taken (2) 'intentionally to achieve a wrongful purpose,' (3) 'knowingly without legal or factual justification,' and (4) 'in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit.' Moreover, the action must be (5) 'against a covered person,' (6) 'for death or serious physical injury' that is (7) 'proximately caused by [the covered person's] willful misconduct.'" Id. at 410 (citing 42 U.S.C. § 247d-6d(c)(1)(A), 247d-6d(d)(1)).

Here, Defendants argues that Maglioli's holding applies and the PREP Act confers jurisdiction over Plaintiffs' claims because Plaintiffs' first amended complaint specifically alleges a claim for willful misconduct against them. (Doc. No. 12 at 13.) The Court acknowledges that the first amended complaint alleges a state law cause of action for

willful misconduct. (Doc. No. 4, FAC ¶¶ 53-62.) But alleging a claim for willful misconduct by itself is insufficient for Maglioli's holding to apply. Rather, for Maglioli's holding to apply, the first amended complaint must specifically allege the "narrow" form of willful misconduct provided for under the PREP Act. See Maglioli, 16 F.4th at 410, 412.

One of the elements of a claim for willful misconduct under the PREP Act is that the claim be against a "covered person." See Maglioli, 16 F.4th at 410 (citing 42 U.S.C. § 247d-6d(d)(1)). Under the PREP Act, a "covered person" is "a person or entity" that is a "manufacturer," "distributor," or "program planner" of a "covered countermeasure," or "a qualified person who prescribed, administered, or dispensed" a "covered countermeasure." 42 U.S.C. § 247d-6d(i)(2). A "covered countermeasure" is defined by the PREP Act as:

- "a qualified pandemic or epidemic product[;]"

- "a security countemeasure[,]" i.e., a "drug," "biological product," or "device" that meets specified qualifications;

- a "drug . . . , biological product . . . , or device . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act [i.e., FDCA]; or"

- "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health [i.e., NIOSH], . . . and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title."

Smith v. Colonial Care Ctr., Inc., No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *4 (C.D. Cal. Mar. 19, 2021) (quoting 42 U.S.C. § 247d-6d(i)(1)(A)–(D)).

Here, Plaintiffs do not allege any claims based on Defendants' purported use of any "covered countermeasure." "Covered countermeasures are products, drugs, biological products, or devices that meet specified qualifications." Smith, 2021 WL 1087284, at *4. Plaintiffs correctly note that their claims do not relate to the use or administration of any such drug, device, or product. Rather, Plaintiffs' claims are based on, among other things, allegations that Defendants knowingly failed to timely seek medical treatment for William

D. Kulhanek's worsening COVID-19 symptoms and that Defendants failed to implement basic infection prevention protocols.[2]  (See Doc. No. 4, FAC ¶¶ 28-33, 36-37, 68-69.)

Because Plaintiffs' claims do not involve the alleged use of any covered countermeasures, their claims do not fall within the scope of the PREP Act's narrow willful misconduct cause of action.  See, e.g., Smith, 2021 WL 1087284, at *4 (rejecting defendant's assertion that plaintiff's claims fell within the scope of the PREP Act); Acra, 2021 WL 2769041, at *6 (same); Thomas v. Century Villa Inc., No. 2:21-CV-03013-MCS-KS, 2021 WL 2400970, at *4 (C.D. Cal. June 10, 2021) (same); Dupervil v. All. Health Operations, LCC, 516 F. Supp. 3d 238, 255 (E.D.N.Y. 2021) ("[T]he crux of Plaintiff's claims is that his father died because Defendants failed to take certain steps such as separating residents, enforcing social distancing among residents and staff, timely restricting visitors, cancelling group and communal activities, ensuring adequate staffing levels, enforcing mask-wearing, and screening people entering the facility for symptoms of COVID-19.  These alleged failures cannot be said to be administering—or even prioritizing or purposefully allocating—a drug, biological product, or device to an individual within the meaning of the PREP Act such that Plaintiffs' claims are completely preempted." (citations omitted)).  Thus, Defendants' arguments regarding complete preemption under the PREP Act fail.  As such, Defendants have failed to establish that the Court has federal question jurisdiction over Plaintiffs' state law claims under the complete preemption doctrine.

///

---

[2]  In their opposition to Plaintiffs' motion to remand, Defendants argue without support that Plaintiffs' state law claims all arise out of certain activities involving the exposure, diagnosis, and treatment of COVID-19, and the distribution, administration, or use of countermeasures to prevent the spread of COVID-19 within the facility at issue. (Doc. No. 12 at 18.)  Notably, in making this argument, Defendants never address the specific definition for the term "covered countermeasure" provided in the PREP Act.  Under the PREP Act, "[c]overed countermeasures are products, drugs, biological products, or devices that meet specified qualifications."  Smith, 2021 WL 1087284, at *4.  Defendants do not identify a single allegation in Plaintiffs' complaints that involve the distribution, administration, or use of qualifying products, drugs, biological products, or devices.

  C. Federal Question Jurisdiction under Grable

Defendants argue that federal jurisdiction exists under the Supreme Court's decision in Grable because Plaintiffs' first amended complaint raises a substantial federal issue. (Doc. No. 12 at 13-14.) In Grable, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "Only a few cases have fallen into this 'slim category.'" City of Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020) (quoting Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006)).

"District courts have consistently rejected healthcare providers' or assisted living facilities' arguments that claims arising out of patients or residents getting COVID-19 raise embedded federal issues with respect to the PREP Act." Riggs, 2021 WL 2103017, at *3. "[T]he state law claims in Plaintiffs' complaint do not raise any federal issues; only Defendant[s'] potential defenses under the PREP Act do. This is not enough to implicate Grable." Id. "No federal issue is 'necessarily raised' by Plaintiffs' complaint because an interpretation of the PREP Act is not an essential element of any of Plaintiffs' state law claims." Hopman v. Sunrise Villa Culver City, No. 221CV01054RGKJEM, 2021 WL 1529964, at *6 (C.D. Cal. Apr. 16, 2021). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393. As such, Defendants have failed to establish that there is federal question jurisdiction under Grable.

  D. Federal Officer Jurisdiction

Finally, Defendants argue that federal officer jurisdiction exists under 28 U.S.C. § 1442(a)(1). (Doc. No. 12 at 19-25.) "The federal officer removal statute permits removal of a state-court action against an 'officer (or any person acting under that officer) of the

United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1098–99 (9th Cir. 2018) (quoting 28 U.S.C. § 1442(a)(1)). "To invoke § 1442(a)(1) removal, a defendant in a state court action must demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." Id. at 1099.

"Like Defendant[s'] other arguments for the propriety of its removal, this argument has been consistently rejected by courts considering claims against assisted living facilities based on their actions during the COVID-19 pandemic." Riggs, 2021 WL 2103017, at *3; see also Burton v. Silverado Escondido, LLC, No. 21-CV-1213-WQH-RBB, 2021 WL 5087259, at *7 (S.D. Cal. Nov. 2, 2021) ("Courts in this circuit considering claims against assisted living facilities based on their actions or inactions during the COVID-19 pandemic have consistently rejected the argument that the facilities were acting pursuant to a federal officer's directions."). "For a private entity to be 'acting under' a federal officer, the private entity must be involved in 'an effort to assist, or to help carry out, the duties or tasks of the federal superior.'" Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1245 (9th Cir. 2017) (quoting Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 152 (2007)). "The relationship typically involves subjection, guidance, or control." Fidelitad, 904 F.3d at 1099 (internal quotation marks and citations omitted).

"'[S]imply complying with the law' does not bring a private actor within the scope of the federal officer removal statute." Fidelitad, 904 F.3d at 1100 (quoting Watson, 551 U.S. at 152). Thus, "a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." Watson, 551 U.S. at 153. As a result, "'a company subject to a regulatory order (even a highly complex order)'" is not acting under a federal officer. Fidelitad, 904 F.3d at 1100 (quoting Watson, 551 U.S. at 152–53).

Defendants argue that were called upon to be members of the nation's "critical infrastructure" and as partners of HHS to assist the federal government in responding to

the COVID-19 pandemic. (Doc. No. 12 at 22.) Defendants note that they were required to comply with detailed and pervasive directives and instructions that the federal government instituted to healthcare facilities as part of the effort to respond to and contain the COVID-19 pandemic. (Id. at 22-23.) "As multiple other district courts have held, this is not enough to invoke federal officer removal." Riggs, 2021 WL 2103017, at *4; see also Maglioli, 16 F.4th at 404–06 (affirming district court's rejection of federal officer jurisdiction "because the nursing homes were not 'acting under' the United States, its agencies, or its officers"). "[E]xtensive federal regulation alone is insufficient." Stirling v. Minasian, 955 F.3d 795 (9th Cir. 2020) (internal quotation marks omitted). As such, Defendants have failed to establish that federal officer jurisdiction under section 1442(a)(2) exists.

  E. Conclusion

  Defendants have failed to establish that the Court has subject matter jurisdiction over the action and that removal was proper. As such, the Court grants Plaintiffs' motion to remand, and the Court remands the action back to state court.

**II.  Defendants' Motion to Dismiss**

  Defendants move to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 8-1 at 7.) Because the Court remands the action back to state court, the Court denies Defendants' motion to dismiss as moot.

///
///
///

### Conclusion

For the reasons above, the Court grants Plaintiff's motion to remand, and the Court remands the action back to the Superior Court of California, County of San Diego. In addition, the Court denies Defendants' motion to dismiss the first amended complaint as moot. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: January 13, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT